GANDÍA CÓRDOVA, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Sale with Curable Defect.

No. 345.—Decided December 7, 1917.

CONTRACT—PURCHASE AND SALE—CONSENT OF PARTIES—ACCEPTANCE.—In a contract of purchase and sale, whose subject-matter is the land and whose consideration is its price, set out in a public instrument signed by the parties, in which the notary states that he read the instrument to the parties and attests to the facts recited, the consent of the parties is firmly established

and such consent, inasmuch as it perfects the contract, necessarily includes the acceptance of the same.

ID.—PUBLIC INSTRUMENT—ATTESTATION BY NOTARY.—Section 17 of the Notarial Law, in its final words, makes it unnecessary for a notary to certify to each individual stipulation, but it is sufficient if he certifies to everything contained therein, and such certificaton shall be understood to apply to every word in the deed.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

On the presentation of what purported to be a deed of purchase and sale, the Registrar of Arecibo denied the record because of the curable defect that the contract had not been accepted by the purchaser.

Appellant, in answer to this, recites the concluding clause of the deed, as follows:

"This instrument having been read in full by me to the parties and witnesses, who waive their right to read it for themselves, of which I informed them, the former ratify its contents, and all sign before me, the notary, to all of which I attest,"

and maintains that these words of ratification constitute an express acceptance.

Examining the deed in question, we find that not only did the vendors sign the deed, but also the purchasers. The deed recites that the price was received from the purchasers by the vendors and that the purchasers were put in possession of the land specifically described therein.

Section 1058 of the Civil Code provides that obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations.

Contracts are defined in Book IV, Title II, of the Civil Code, and section 1225 says that contracts are perfected by mere consent, and section 1228 defines the essentials of a contract as consent, definite object, and the consideration or cause. Section 1229 says:

"Sec. 1229.—Consent is shown by the concurrence of the offer and the acceptance of the thing and the cause which are to constitute the contract.

"An acceptance made by letter does not bind the person making the offer, but from the time it came to his knowledge. The contract in such case is presumed as executed at the place where the offer was made."

The contract before us, expressed in a public deed, has as its object the land and as its consideration the price. We know of no stronger evidence of consent than the signature of parties to a deed made before a notary. The notary in this case recites that the parties execute the deed and that it is read to them, and gives faith of the facts recited. The consent of the parties is firmly established. Consent to a contract, as it perfects the contract, necessarily includes the acceptance of the same. Section 17 of the Notarial Law, in its final words, makes it unnecessary for a notary to certify to each individual stipulation, but it is made sufficient if he certifies to everything contained therein, and that such certification shall be understood to apply to every word in the deed. If the purchasers had not signed the deed it might perhaps be necessary that their acceptance of the same should be stated, but here they appear as of the parties who are executing the deed.

We quite agree with the appellant that the ratification at the end of the deed was an express acceptance, but the perfection of the contract by the consent of all the parties was also an acceptance. The contract being perfected in a proper public document and being a transfer of a property right, it was recordable by virtue of section 2 of the Mortgage Law without any defect. We know of nothing in any law or regulations requiring a more specific acceptance in a case of this kind.

The note of the registrar must be

*Reversed.*

Justices del Toro and Hutchison concurred.
Chief Justice Hernández and Justice Aldrey absent.